**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kendrick Dennis, Appellant.

Appellate Case No. 2011-185188

_____

Appeal From Richland County
William Jeffrey Young, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-580
Submitted October 1, 2012 – Filed October 24, 2012

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

_____

**PER CURIAM:**  Dennis appeals his conviction of resisting arrest, arguing the trial court erred in denying his motion for a directed verdict because the State failed to present evidence the arrest occurred in a public place. Because the State introduced into evidence (1) the apartment is freely accessible to the public; (2) there is a driveway leading in and out of the apartment complex off of a main road; (3) the entrance and exit are not blocked by access gates; and (4) the public is free to enter the complex without the requirement of passing through security or using codes, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 (stating an appellate court views the evidence and all reasonable inferences in the light most favorable to the State when reviewing a denial of a directed verdict and must find the case was properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); S.C. Code Ann. § 16-17-530 (2003) (providing a person engages in public disorderly conduct when he is "found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner"); *State v. Williams*, 280 S.C. 305, 306-07, 312 S.E.2d 555, 556 (1984) (defining public place as "[a] place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public. Any place so situated that what passes there can be seen by any considerable number of persons, if they happen to look. Also, a place in which the public has an interest as affecting the safety, health, morals and welfare of the community. A place exposed to the public, and where the public gather together to pass to and fro." (citations omitted)).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.